**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4307

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORY FERNANDO CURRIE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:24-cr-00084-WO-1)

Submitted: February 26, 2026                                    Decided: March 3, 2026

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Todd A. Smith, SMITH GILES, PLLC, Burlington, North Carolina, for Appellant. Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cory Fernando Currie pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  The district court initially sentenced Currie to 180 months' imprisonment, in the middle of the advisory Sentencing Guidelines range.  Currie appealed, and the parties jointly moved to remand for resentencing because the Government was obliged by Currie's plea agreement to recommend a sentence at the bottom of the Guidelines range.  At the resentencing hearing, the Government complied with that obligation, and the court imposed a sentence of 168 months' imprisonment—at the bottom of the Guidelines range.  Currie now appeals.

On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the adequacy of Currie's Fed. R. Crim. P 11 hearing, the validity of the appeal waiver in his plea agreement, and the reasonableness of his sentence.  Currie filed a pro se supplemental brief arguing that his counsel rendered ineffective assistance.  The Government has moved to dismiss the appeal pursuant to Currie's appeal waiver.  We dismiss in part and affirm in part.

"When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (citation modified).  Upon review of the record, including the plea agreement and transcript of the Rule 11 hearing, we conclude that the district court conducted a thorough and complete Rule 11 hearing and that Currie knowingly and voluntarily pleaded guilty and waived his right

2

to appeal. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope, including counsel's challenge to Currie's sentence.

The appeal waiver does not preclude our review of Currie's ineffective assistance of counsel claim. However, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). The record before us does not conclusively establish that plea counsel rendered ineffective assistance. Accordingly, Currie's "ineffective assistance claim[s] should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (citation modified).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Currie's valid appeal waiver. We therefore dismiss the appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment. This court requires that counsel inform Currie, in writing, of the right to petition the Supreme Court of the United States for further review. If Currie requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Currie.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3